UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OLSHAN FROME WOLOSKY LLP,<br><br>Plaintiff,<br><br>-against-<br><br>PANTHEON ENVIRONMENTAL, LLC a/k/a PANTHEON ENVIRONMENTAL, INC., ALBERT McLELLAND, GENTRY BEACH, ELIZABETH SCHICK and ERIC SCHICK,<br><br>Defendants. | Index No.:<br><br><br><br>**COMPLAINT** |

Plaintiff, Olshan Frome Wolosky LLP (hereinafter, "Olshan" or "Plaintiff"), as and for its Complaint against defendants Pantheon Environmental, LLC a/k/a Pantheon Environmental, Inc. ("Pantheon"), Albert McLelland, Gentry Beach, Elizabeth Schick and Eric Schick (collectively, "Defendants"), hereby alleges as follows:

Nature of the Action

1. This is an action to enforce the contractual and legal obligation of Defendants to pay Olshan for legal services provided by from 2016 through 2018 in the State of New York.

2. Despite a written Engagement Letter (as set forth below), monthly statements of account and demand for payment by Olshan, Defendants have failed and refused to pay Olshan at least $204,239.00 (two hundred four thousand, two hundred and thirty nine dollars) in legal services rendered and disbursements incurred by Olshan in the course of representing Defendants.

3. That amount is exclusive of late charges, attorneys' fees and collection costs, which are recoverable pursuant to the Engagement Letter, and prejudgment interest, all of which are also sought herein.

Jurisdiction, Parties and Venue

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1) because it is between citizens of different States, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. Olshan is a limited liability partnership engaged in the practice of law that maintains its principal place of business in New York County at 1325 Avenue of the Americas.

6. Upon information and belief, Pantheon is a Delaware limited liability company with an address of 1536 Hutton Drive, Suite 100, Carrollton, TX, 75006.

7. Upon information and belief, Albert McLelland is an executive officer of Pantheon with an address of 9114 La Strada Court, Dallas, TX 75220.

8. Upon information and belief, Gentry Beach is an executive officer of Pantheon with an address of 2101 Cedar Springs Road, Suite 1220, Dallas, Texas, 75201.

9. Upon information and belief, Elizabeth Schick is or was an executive officer of Pantheon with an address of 1536 Hutton Drive, Suite 100, Carrollton, TX, 75006 and/or 4153 Walnut Meadow Lane, Dallas, TX, 75229.

10. Upon information and belief, Eric Schick is or was an executive officer with an address of 1536 Hutton Drive, Suite 100, Carrollton, TX, 75506 and/or 4153 Walnut Meadow Lane, Dallas, TX, 75229.

11. This Court has personal jurisdiction over all of the Defendants pursuant to Rule 302(a)(1) of the New York Civil Practice Law and Rules.

12. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2) because Olshan maintains its principle place of business in the County of New York, State of New York, and rendered services to Defendants in this county.

13. Venue is also proper based on Defendants' consent in the Engagement Letter.

## Facts

14. In March of 2015, defendants McLelland, Beach and the Schicks ("the Individual Defendants") retained Olshan to provide legal services on a variety of corporate matters, including but not limited to the formation of Pantheon.

15. Specifically, the Individual Defendants signed Olshan's standard engagement letter (the "Engagement Letter") dated March 12, 2015, thereby agreeing to compensate Olshan at the rates set forth therein for Olshan's attorneys' time and out-of-pocket disbursements incurred by Olshan in its representation of Defendant.

16. When the Individual Defendants retained Olshan, it was tentatively contemplated that Pantheon would be formed as a corporation, hence the reference to "Pantheon Environmental (USA), Inc." in the Engagement Letter.

17. Ultimately, it was determined that Pantheon would be formed as a limited liability company ("LLC"), and in fact it was formed as an LLC.

18. The Engagement Letter, which was signed by each of the Individual Defendants for the soon-to-be-formed Pantheon provided as follows:

> Until the reasonable capitalization of Pantheon I shall be responsible for the payment of fees and disbursements incurred in accordance with the terms of this letter of engagement and its accompanying memorandum. Unless otherwise agreed in writing, each of us is separately, jointly and severally responsible for the full payment of Olshan's invoices, even if we may have agreed among ourselves to bed only a proportionate share. This will be true even if as a convenience ocean has allocated portions of the invoice among us.

19. The Engagement Letter provided that failure to pay any statement within thirty days of receipt would result in a late charge of one percent (1%) per month ("Late Fees").

20. The Engagement Letter further provided that in the event of litigation, the prevailing party would recover reasonable attorneys' fees and collection costs.

21. The Engagement Letter further called for the application of New York law to any disputes.

22. Olshan served as counsel for Defendants and charged the agreed-upon rates. At all times, Olshan rendered services pursuant to the Engagement Letter and express and implied agreements that it would be compensated for its legal services at its customary hourly rates and reimbursed for its out-of-pocket disbursements in accordance with customary practices.

23. Olshan provided regular monthly statements of account for its services and Defendants never objected to such invoices.

24. At no time did Defendants, or any of them, question or dispute the fees or expenses charged or the necessity or quality of the work performed by Olshan.

25. Despite demand by Olshan for the remaining amount due it, Defendants have refused to pay same and there is at least $204,239.00 due and owing to Olshan.

26. On or about October 28, 2019, Eric Schick confirmed in writing that that Pantheon and its members had received the statement of account from Olshan. In that written confirmation, Eric Schick did not object to any portion of the statement of account.

AS AND FOR A FIRST CAUSE OF ACTION (BREACH OF CONTRACT)

27. From at least March 2015 through November 2018, at the specific instance and request of Defendants, Olshan performed legal services for Defendants. Pursuant to the Engagement Letter, Defendants, including the Individual Defendants, agreed to compensate Olshan for all of its fees and out-of-pocket disbursements incurred.

4

28.     Olshan has not been paid all of its fees and out-of-pocket disbursements incurred in its representation of Defendants.  There remains a balance due Olshan of at least $204,239.00.

29.     Despite due demand, Defendants have failed and refused to pay Olshan the sum of $204,239.00

30.     By reason of the foregoing, Defendants breached the Engagement Letter, and Olshan is entitled to recover the sum of $204,239.00 together with Late Fees, reasonable attorneys' fees, collection costs and prejudgment interest.

### AS AND FOR A SECOND CAUSE OF ACTION (UNJUST ENRICHMENT)

31.     Olshan repeats and realleges each and every allegation above as though fully set forth herein.

32.     The fair and reasonable compensation for the work and services performed by Olshan at the specific instance and request of Defendants, as well as disbursements necessarily incurred on Pantheon's behalf, for which Defendant has not paid is $204,239.00.

33.     At Defendants' request, Olshan conferred a valuable benefit upon Defendants, including Pantheon, which all of them accepted.

34.     By reason of the foregoing, Defendant is liable to Olshan in the sum of $204,239.00 together with Late Fees, reasonable attorneys' fees, collection costs and prejudgment interest.

### AS AND FOR A THIRD CAUSE OF ACTION (QUANTUM MERUIT)

35.     Olshan repeats and realleges each and every allegation above as though fully set forth herein.

36.     Olshan rendered valuable services to Defendants, and incurred expenses on their behalf, all of which Defendants accepted.

37. The fair and reasonable value of such services and disbursements for which Olshan has not been paid is $204,239.00.

38. Defendants have failed and refused to compensate Olshan for the full value of these services and expenses, although payment has been duly demanded.

39. By reason of the foregoing, Defendants are liable to Olshan for the balance of such fees and disbursements in the sum of $204,239.00 together with Late Fees, reasonable attorneys' fees, collection costs and prejudgment interest.

### AS AND FOR A FOURTH CAUSE OF ACTION (ACCOUNT STATED)

40. Olshan repeats and realleges each and every allegation above as though fully set forth herein.

41. Olshan rendered monthly statements of account setting forth an unpaid balance of legal fees and disbursements, totaling $204,239.00.

42. Defendants retained and accepted the statements of account without objection. At no time did Defendants contest or object to the statements of account rendered by Olshan.

43. By reason of the foregoing, an account has been stated between Plaintiff and Defendants in the sum of $204,239.00.

44. Defendants nevertheless failed and refused to pay Olshan the sum of $204,239.00 despite demand for payment by Olshan.

45. Defendants are liable to Olshan for such balance of fees and disbursements in the sum of $204,239.00 together with Late Fees, reasonable attorneys' fees, collection costs and prejudgment interest.

WHEREFORE, Olshan demands judgment against Defendants as follows:

  (i) On the First Cause of Action against Defendants in the sum of $204,239.00 together with Late Fees, reasonable attorneys' fees, collection costs and prejudgment interest; and

  (ii) On the Second Cause of Action against Defendants in the sum of $204,239.00 together with Late Fees, reasonable attorneys' fees, collection costs and prejudgment interest; and

  (iii) On the Third Cause of Action against Defendants in the sum of $204,239.00 together with Late Fees, reasonable attorneys' fees, collection costs and prejudgment interest; and

  (iv) On the Fourth Cause of Action against Defendants in the sum of $204,239.00 together with Late Fees, reasonable attorneys' fees, collection costs and prejudgment interest.

Dated: New York, New York
   March 19, 2020

**OLSHAN FROME WOLOSKY LLP**

*[signature: Scott Shaffer]*

By:_____
 Scott Shaffer (SS-6560)
 Olshan Frome Wolosky LLP
 1325 Avenue of the Americas
 New York, NY 10019
 Tel: 212.4512300
 Fax: 212.451.2222
 E-mail: sshaffer@olshanlaw.com

 *Attorneys for Plaintiff pro se*